AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>TERRY LAJEUNESSE,<br><br>Defendant. | Case No. 1:21-MJ-63 (CFH) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about and between the dates of September 14, 2020 and September 21, 2020 in the county of Rensselaer in the Northern District of New York the defendant violated: CFH 1/29/2021    CFH 1/29/2021

| Code Section | Offense Description |
|---|---|
| Title 18 United States Code, Section 1512(c)(2) | knowingly corruptly attempted to obstruct, influence or impede an official proceeding |

This criminal complaint is based on these facts:
See Attached Affidavit

☒ Continued on the attached sheet.

_____
Complainant's signature

Spenser Warren, SA, FBI
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: January 28, 2021

_____
*Judge's signature*

City and State: Albany, NY

Hon. Daniel J. Stewart, U.S. Magistrate Judge
*Printed name and title*

CHRISTIAN Hummel

## Affidavit in Support of a Criminal Complaint

I, Spenser Warren, having been first duly sworn, do hereby depose and state as follows:

1. I have been employed as a Special Agent of the FBI since March 2020 and am currently assigned to the Albany Division. Prior to my FBI employment, I was a police officer in the state of Delaware and New Jersey for three years. I graduated from the Delaware State Police Academy in August 2016. Prior to December 2020, I was assigned to the FBI Albany Child Exploitation and Human Trafficking Task Force, which targets individuals involved in the online sexual exploitation and trafficking of minors. As a member of this task force, I investigated crimes involving the sexual exploitation of minors, including sex trafficking of minors and the production, trading, and receipt of child sexual abuse material. Since joining the FBI, I have worked with and been mentored by more experienced FBI special agents and task force officers, who have been investigating child exploitation for many years. I have also received training on the proper investigative techniques for these violations and participated in the execution of several arrest warrants and search warrants involving the search and seizure of computers, computer equipment, software, cellular devices, and electronically stored information.

2. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7) — that is, I am an officer of the United States who is empowered by law to conduct investigations of offenses enumerated in Title 18, United States Code, Section 2516(1). As an FBI Special Agent, I am authorized to seek and execute federal arrest and search warrants for Title 18 criminal offenses, including offenses related to the sexual exploitation of minors in violation of Title 18, United States Code, Section 2252A.

3. I make this affidavit in support of a criminal complaint charging TERRY E. LAJEUNESSE ("LAJEUNESSE") with corruptly attempting to obstruct, influence or impede any official proceeding, in violation of Title 18 United States Code, Section 1512(c)(2).

4. The statements contained in this affidavit are based upon my investigation, information provided by other law enforcement officers, and on my experience and training. As this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that LAJEUNESSE has violated Title 18, United States Code, Section 1512(c)(2).

**Basis for a Probable Cause Finding**

5. On October 3, 2019, LAJEUNESSE was charged by Criminal Complaint with one count of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(A)(5)(B). *See* Dkt. # 1, *United States v. Terry Lajeunesse*, No. 19-CR-367 (NAM) (N.D.N.Y. October 3, 2019). On October 9, 2019, LAJEUNESSE had an initial appearance before United States Magistrate Christian F. Hummel where LAJEUNESSE was informed of the charges against him and ordered detained pending further proceedings. *See* Dkt. # 7, *United States v. Terry Lajeunesse*, No. 19-CR-367 (NAM) (N.D.N.Y. October 9, 2019). On October 16, 2019, a federal grand jury in the Northern District of New York returned a two-count indictment against LAJEUNESSE charging him with Receiving Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(b)(2). *See* Dkt. # 8, *United States v. Terry Lajeunesse*, No. 19-CR-367 (NAM) (N.D.N.Y. October 16, 2019). Specifically, the indictment charged that, on or about March 11, 2019, LAJEUNESSE possessed graphic images and video files of one or more minors engaged in sexually explicit conduct on his

cell phone, a Samsung cellular telephone, model SM-G935V, bearing serial number R38H9023Y1J. *Id.* The indictment also alleged that, on or about February 3, 2019, LAJEUNESSE received a graphic video file containing child pornography. *Id.*

6. Since the date of his arrest on October 9, 2019, LAJEUNESSE has been incarcerated at Rensselaer County Correctional Facility ("RCCF") in Troy, New York. While incarcerated at RCCF, LAJEUNESSE had inmate privileges including sending mail through the United States Postal Service.

7. On September 14, 2020, a letter was mailed from RCCF to a residence in the Northern District of New York ("September 14 Letter"). The sender listed on the September 14 Letter envelope was LAJEUNESSE and the sender address was RCCF in Troy, New York. The recipient listed on the September 14 Letter envelope was Individual #1. The content of the September 14 Letter was, in sum and substance, LAJEUNESSE requesting that Individual #1 admit to the allegations underlying the indictment against LAJEUNESSE as a means to interfere with the prosecution against LAJEUNESSE in his pending criminal matter. Below are pertinent excerpts of the September 14 Letter:

   a. "[T]he Feds play dirty and all they care about is getting a conviction. I need to beat them and am asking for your help."

   b. "all I'm asking is to create a little reasonable doubt"

   c. "all I'm asking is that you used my phone because yours was broken and you went on a file sharing site and downloaded some files on accident key word "accident" opened them and it was a mixed bag of shit and you deleted them and you can say you don't remember the site and that you only remember my password as having 'inkman' in it and the time frame was November of 2018 to February 2019 that you used it a handful of times."

   d. "I will respect your decision either way but this absolutely needs to stay between me [and] you"

   e. "If it ever got back to the Feds they would slay me"

  f. "If you decide to help me you would need to not let anyone intimidate you. You need stick with your story.

  g. "P.S. Don't leave this around for anyone to read"

8. On September 21, 2020, a letter was mailed from RCCF to the same residence in the Northern District of New York ("September 21 Letter"). The sender listed on the September 21 Letter envelope was LAJEUNESSE and the sender address was RCCF in Troy, New York. The recipient listed on the September 21 Letter envelope was again Individual #1. Below are pertinent excerpts of the September 21 Letter:

  a. "That's why the Feds are so hot to fry me. They think I'm some slime ball out there molesting kids."

  b. "I know I've made some bad choices but I'm no monster. I don't deserve a bunch of time in a federal prison. I have to beat them. That's why I asked for help."

9. Your affiant interviewed Individual #1 who stated, in sum and substance, that Individual #1 received both the September 14 and September 21 Letters through the mail, and recognized the handwriting and writing style in both Letters to be those of LAJEUNESSE. Individual #1 further stated that Individual #1 recognized the nickname LAJEUENSSE used in both letters to refer to Individual #1, to be a nickname used by LAJEUNESSE exclusively for Individual #1. Individual #1 also stated that Individual #1 did not have access to LAJEUNESSE's cell phone, did not know the password to LAJEUNESSE's cell phone, and had never viewed child pornography.

10. Based upon the above information, there is probable cause to conclude that, on or about September 14, 2020 through and including September 21, 2020, TERRY E. LAJEUNESSE knowingly corruptly attempted to obstruct, influence or impede an official proceeding, in violation of Title 18 United States Code, Section 1512(c)(2).

Attested to by the Affiant.

_____
Spenser Warren
Special Agent
Federal Bureau of Investigation

I, the Honorable Daniel J. Stewart, United States Magistrate Judge, hereby acknowledge that this affidavit was attested to by the affiant by telephone on January 26, 2020, in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

_____
HON. ~~DANIEL J. STEWART~~ CHRISTIAN Hummel
UNITED STATES MAGISTRATE JUDGE